UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------

JOSEPH J. GENTILE,

                Plaintiff,

-against-

ACTING COMMISSIONER ANTHONY J. ANNUCCI; SUPERINTENDENT EDWARD BURNETT; DEP. OF PROGRAMS JOHN WOOD; ASST. DEP. OF PROGRAMS LUIS GONZALEZ; L.M.S.W. FEUZ,

                Defendants.

------------------------------------------------

21-CV-3405 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is currently incarcerated in Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his right to religious freedom under the First Amendment. The Court construes the complaint as also asserting claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. By order dated May 17, 2021,[1] the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

---

[1] Because Plaintiff indicates in the complaint that he was scheduled to be released from prison on April 27, 2021, by order dated April 29, 2021, Chief Judge Laura Taylor Swain directed Plaintiff to submit an updated IFP application. (ECF 6.) In a letter received by the Court on May 6, 2021, Plaintiff stated that his parole was rescinded, and he remained incarcerated in Fishkill. (ECF 7.) Because Plaintiff remains incarcerated, by order dated May 17, 2021, Chief Judge Swain vacated her previous order directing an updated IFP application and granted Plaintiff's prior IFP application (ECF 8.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.    Preliminary Injunctive Relief**

On May 6, 2021, the Court received a letter from Plaintiff stating that his release on parole, which had been scheduled for April 27, 2021, was rescinded without "Procedural and/or Substantive Due Process" in retaliation for his having filed this action. (ECF 7, at 1.) In that letter, Plaintiff requests that the Court issue an injunction "against all of the Defendants in this matter, injoining [sic] them from rescinding my Parole, and Directing that they cease and desist from any other forms of harassment and/or retaliation until the Court has had a fair opportunity to hear this matter." (*Id.* at 2.)

The Court construes Plaintiff's May 6, 2021 letter as a request for preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Having reviewed the allegations set forth in the complaint and Plaintiff's May 6, 2021 letter, the Court finds that at this stage, Plaintiff has not carried his burden of showing that he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. Accordingly, the Court denies the motion without prejudice to renewal at a later stage.

2

## B. Plaintiff's May 26, 2021 Letter

On May 26, 2021, the Court received a letter from Plaintiff in which he again asserts that he is being illegally held in retaliation for filing the § 1983 action and attaches an order to show cause and a petition for a writ of *habeas corpus* that he recently filed in the New York State Supreme Court, Dutchess County. (ECF 9.) Plaintiff's May 26, 2021 letter is not considered as part of the complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (citations omitted).

To the extent Plaintiff seeks release from prison, he must do so by bringing a new petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). Plaintiff may file a petition for a writ of *habeas corpus* once all available state remedies have been exhausted. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

## C. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days

3

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Annucci, Burnett, Wood, Gonzalez, and Feuz through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later stage.

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Annucci, Burnett, Wood, Gonzalez, and Feuz, and deliver to the U.S. Marshals Service all documents necessary to effect service on the defendants.

SO ORDERED.

Dated: May 27, 2021
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Acting Commissioner Anthony J. Annucci
   New York State Department of Corrections and Community Supervision
   The Harriman State Campus, Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

2. Superintendent Edward Burnett
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508

3. Deputy Superintendent of Programs John Wood
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508

4. Assistant Deputy Superintendent of Programs Luis Gonzalez
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508

5. L.M.S.W. Feuz
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508