UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSEPH J. GENTILE              :
          Plaintiff,       :
v.                             :
                                :  **ORDER**
ACTING COMMISSIONER ANTHONY J. :
ANNUCCI; SUPERINTENDENT EDWARD :  21 CV 3405 (VB)
BURNETT; DEP. OF PROGRAMS JOHN :
WOOD; ASST DEP. OF PROGRAMS LUIS :
GONZALES; and L.M.S.W. FUEZ,   :
          Defendants.      :
--------------------------------------------------------------x



      On September 9, 2021, the Court received by mail a package of papers, numbering over one-hundred pages, sent by plaintiff, who is incarcerated and proceeding pro se and in forma pauperis.

      Plaintiff mailed this package to Chambers without any context or accompanying request. The cover letter is addressed to the Clerk of Court for the Supreme Court, Erie County, and states "[e]nclosed is an application for an Order to Show Cause, petition, and the supporting papers." Plaintiff appears to attach a proposed order to show cause and an Article 78 petition for filing in the Supreme Court, Erie County. In those documents, plaintiff seeks a change to his "Risk Level," and the restoration of good time credit. Also in this package was a large set of "exhibits," including some documents filed in this case and other unrelated documents regarding, for example, plaintiff's clemency application.

      Plaintiff's submission to the Court is improper. The submission appears to be unrelated to this action—which seeks injunctive relief to remedy alleged violations of plaintiff's First Amendment Rights. This Court lacks subject matter jurisdiction over Article 78 proceedings. See Cartagena v. City of N.Y., 257 F. Supp. 2d 708, 709–10 (S.D.N.Y. 2003). And, to the extent plaintiff wishes to rely on these materials in this action, it is inappropriate for him to simply file such materials without attaching them to a motion or other request for relief from **this Court**. Even if plaintiff believes this action is related to a case he may have pending in the Supreme Court, Erie County, it is similarly inappropriate for plaintiff to file in this Court documents from that proceeding unless such documents are **necessarily at issue in this action and properly attached to a request for relief from this Court**.

      Because plaintiff's submission is unrelated to this case and is otherwise improper, the Court will not file this submission on the docket. Instead, the Court will return the package to plaintiff by mail at the address listed on the docket.

Moreover, plaintiff mailed this package directly to Chambers. On September 7, 2021, the Court issued an Order instructing plaintiff to cease mailing documents to Chambers. Plaintiff is once again instructed to direct all future correspondence with the Court to the Pro Se Intake Unit at the following address:

United States District Court
Pro Se Intake Unit
300 Quarropas St.
White Plains, NY 10601

**Any additional filings sent directly to Chambers will be disregarded, and the Court may dismiss this case pursuant to Fed. R. Civ. P. 41(b) for plaintiff's continued failure to abide by Court orders.**

Chambers will mail a copy of this Order to plaintiff at the address listed on the docket. Plaintiff is reminded of his obligation to update the Court in writing as to any change of his address, and that his failure to do so may result in the dismissal of this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 13, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge