UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSEPH J. GENTILE :
                Plaintiff, :
v. :
                 : **ORDER**
ACTING COMMISSIONER ANTHONY J. :
ANNUCCI; SUPERINTENDENT EDWARD : 21 CV 3405 (VB)
BURNETT; DEP. OF PROGRAMS JOHN :
WOOD; ASST DEP. OF PROGRAMS LUIS :
GONZALES; and L.M.S.W. FUEZ, :
                Defendants. :
--------------------------------------------------------------x

      On September 24, 2021, the Court received the attached letter from plaintiff, who is incarcerated and proceeding pro se and in forma pauperis. (Doc. #25). Plaintiff asserts claims under 42 U.S.C. § 1983, alleging participation in sex-offender treatment programs violates his religious beliefs.

      In his letter, plaintiff requests the following relief: (i) consolidation of this matter with his state habeas corpus and Article 78 proceedings, and various relief connected with those cases; (ii) a writ of habeas corpus; and (iii) the appointment of pro bono counsel.

      Each request is DENIED as follows.

I.    State Court Proceedings

      Plaintiff moves for this federal proceeding to be consolidated with two pending state proceedings and various relief connected with his state proceedings.

      The motions are DENIED.

      Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2) (emphasis added). The Court may not consolidate this action with a state action not before it. See, e.g., Cerilli v. Lamont, 2020 WL 5994944, at *10–11 (D. Conn. Oct. 9, 2020). The motion for consolidation is denied.

      Further, any relief plaintiff seeks in relation to his state-court proceedings such as, for example, an expedited ruling, must be sought from the state court in which his action is pending. As a result, plaintiff's motions for relief in his state-court proceedings are denied.

II.    Writ of Habeas Corpus

      Plaintiff requests this Court "[c]reate on [his] behalf a Federal Writ of Habeas Corpus and grant it on the merits."

1

The motion is DENIED.

To the extent plaintiff seeks to file a petition for a writ of habeas corpus, he must commence a separate action in compliance with applicable law.

III.   Appointment of Counsel

Plaintiff moves for appointment of counsel.

The motion is DENIED WITHOUT PREJUDICE to renewal.

The Court has considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present the case. The Court, in its discretion, does not find exceptional circumstances in plaintiff's case warranting the appointment of counsel at this time. See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, plaintiff's request is DENIED WITHOUT PREJUDICE for renewal at an appropriate time in the future.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: September 28, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge